**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-4142

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LUIS TEJEDA-RAMIREZ,

Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Greenville.  Henry M. Herlong, Jr., District
Judge.  (6:06-cr-00393-HMH)

Submitted:  November 16, 2007      Decided:  December 11, 2007

Before MOTZ, TRAXLER, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Robert M. Sneed, FOSTER LAW FIRM, LLP, Greenville, South Carolina,
for Appellant.  Reginald I. Lloyd, United States Attorney, A. Lance
Crick, Assistant United States Attorney, Greenville, South
Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Luis Tejeda-Ramirez appeals his conviction for possession with intent to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) (2000). He maintains that the district court erred by (1) admitting evidence of a prior act under Fed. R. Evid. 404(b); (2) admitting expert witness testimony regarding the techniques of drug trafficking; and (3) denying his motion to suppress the evidence. As explained below, we find Tejeda-Ramirez's arguments unpersuasive and affirm.

## I.

On March 23, 2006, Lance Corporal Don Gilbert of the South Carolina Highway Patrol stopped Tejeda-Ramirez after observing Tejeda-Ramirez's vehicle driving at a slow rate of speed and weaving in its lane. As Trooper Gilbert pursued Tejeda-Ramirez, he also noticed the vehicle license expiration tag was obscured and that Tejeda-Ramirez had slowed below the minimum speed limit. At the same time, another vehicle that appeared to be following Tejeda-Ramirez's was stopped by Trooper Gilbert's supervisor.

Tejeda-Ramirez asserted he did not know anyone in the other vehicle, and that the vehicle he was driving belonged to a friend. He claimed he was driving to North Carolina in order to install some radio equipment into a friend's wife's vehicle.

Tejeda-Ramirez denied possessing weapons or drugs, and gave Trooper Gilbert permission to search the Volkswagen.

Trooper Gilbert's canine alerted to the vehicle and a subsequent search uncovered 11.75 kilograms of cocaine in a hidden compartment under the back seat. When asked where the cocaine came from, Tejeda-Ramirez eventually indicated one of the passengers in the other vehicle.

During pre-trial hearings, the district court denied Tejeda-Ramirez's motion to suppress, concluding there was a valid stop and a consent to search. In addition, the district court denied Tejeda-Ramirez's motion in limine to prevent the Government from introducing evidence regarding a February 2005 traffic stop and vehicle search in Dekalb County, Georgia ("Dekalb County Search"). The district court found the evidence was admissible under Federal Rule of Evidence 404(b) because it was relevant to assessing Tejeda-Ramirez's knowledge and absence of mistake.

During trial, Sergeant D.J. Smalls of the Dekalb County Police Department testified that in February 2005, he assisted in a traffic stop in which Tejeda-Ramirez was the passenger of a vehicle driven by his girlfriend and registered to a third party. A police canine gave a positive alert for the presence of narcotics, and a subsequent search of the vehicle revealed an empty hidden compartment. At the conclusion of Sergeant Smalls' testimony, the district court instructed the jury as to the limited

purpose for which evidence of the Dekalb County Search was admitted.

The Government also called a law enforcement officer, Agent Jay Rajaee, to testify as an expert witness in the methods and techniques of drug trafficking. His testimony included information regarding the design and function of hidden compartments, the use of escort vehicles in the transportation of narcotics, the quantities normally associated with the distribution of cocaine, and methods of packaging cocaine for distribution.

Tejeda-Ramirez testified in his own defense, asserting he did not know anything about the cocaine.

A jury convicted Tejeda Ramirez of the charged offense, and on January 24, 2007, the district court sentenced him to 121 months' imprisonment.

II.

Tejeda-Ramirez contends the district court violated Federal Rule of Evidence 404(b) by admitting evidence of the Dekalb County Search.* We review the district court's admission of

---

*In addition to challenging the admissibility of any aspect of the Dekalb County Search, Tejeda-Ramirez contends the district court further erred in allowing the admission of three details surrounding the search: (1) that Tejeda-Ramirez built the hidden compartment discovered in the Dekalb County Search, (2) that a canine alerted to the vehicle searched in the Dekalb County Search, and (3) that a federal anti-drug task force was investigating Tejeda-Ramirez at the time of the search. Upon review of the record, we conclude the record does not support Tejeda-Ramirez's

- 4 -

evidence for abuse of discretion.  See United States v. Hodge, 354

F.3d 305, 312 (4th Cir. 2004).

Rule 404(b) is an "inclusionary rule."  United States v.

Mark, 943 F.2d 444, 447 (4th Cir. 1991) (internal quotation marks

omitted).  The rule acts as a bar on evidence that "tends to prove

only criminal disposition."  United States v. Higgs, 353 F.3d 281,

311 (4th Cir. 2003) (internal quotation marks omitted).  Thus,

> evidence is admissible if (1) it is relevant to an issue,
> such as an element of an offense, and is not offered to
> establish the general character of the defendant; (2) it
> is necessary in the sense that it is probative of an
> essential claim or an element of the offense; (3) it is
> reliable; and (4) its probative value is not
> substantially outweighed by confusion or unfair prejudice
> in the sense that it tends to subordinate reason to
> emotion in the fact finding process.

Id. (internal quotation marks and alterations omitted); see also

United States v. Queen, 132 F.3d 991, 995 (4th Cir. 1997).  Tejeda-

Ramirez does not dispute the evidence's reliability, but asserts

the Dekalb County Search did not meet the other three requirements

of admissibility.

Contrary to Tejeda-Ramirez's contention, the evidence was

relevant and necessary here because it went toward knowledge and

_____

assertions, which were not raised below.  To the contrary, Sergeant
Smalls never testified that Tejeda-Ramirez built the hidden
compartment discovered in the Dekalb County Search, nor did he
state that Tejeda-Ramirez was under investigation at the time of
the search.  Furthermore, we find the admission of Sergeant Smalls'
testimony regarding the canine alert did not constitute plain
error.  See United States v. Olano, 507 U.S. 725, 732 (1993)
(providing standard for review of issues initially raised on
appeal).

absence of mistake, two issues that Tejeda-Ramirez contested at trial and the Government was required to prove. See Mark, 943 F.2d at 448. In addition, the probative value of this evidence was not outweighed by confusion or unfair prejudice because the Dekalb County Search "did not involve conduct any more sensational or disturbing than the crime[] with which [Tejeda-Ramirez] was charged." United States v. Boyd, 53 F.3d 631, 637 (4th Cir. 1995). Moreover, the district court minimized the risk of unfair prejudice by explaining the proper uses of the Dekalb County Search evidence. Hodge, 354 F.3d at 312; see United States v. Alerre, 430 F.3d 681, 692 (4th Cir. 2005). In sum, the district court did not abuse its discretion in allowing the testimony under Rule 404(b).

## III.

Tejeda-Ramirez next contends the district court improperly admitted expert testimony from a law enforcement officer regarding techniques of drug trafficking. We review a district court's decision to admit expert testimony for abuse of discretion. Kumho Tire Co. v. Carmichael, 526 U.S. 137, 152 (1999). Before allowing expert testimony, the district court must determine the testimony is both reliable and relevant; that is, that the testimony will assist the trier of fact in understanding or determining a fact in issue in the case. See Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 592-93 (1993). This court has

"repeatedly upheld the admission of law enforcement officers' expert opinion testimony in drug trafficking cases." United States v. Gastiaburo, 16 F.3d 582, 589 (4th Cir. 1994). Techniques used to package, transport, and distribute drugs are not facts commonly known to a jury, and expert testimony can help the jury understand issues relevant to the offense. We find no abuse of discretion in admission of the expert testimony.

IV.

Tejeda-Ramirez argues the district court erred in denying his motion to suppress. Although he concedes the search was consensual and thus lawful, Tejeda-Ramirez challenges the validity of the initial stop. He maintains that the district court erred by failing to make factual findings and credibility determinations regarding Trooper Gilbert's testimony, and by stating in "conclusory fashion" its ruling.

We review the factual findings underlying the denial of a motion to suppress for clear error and the legal conclusions de novo. United States v. Johnson, 400 F.3d 187, 193 (4th Cir.), cert. denied, 546 U.S. 856 (2005). When a suppression motion has been denied, this court reviews the evidence in the light most favorable to the government. United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998). In its colloquy with counsel, the district court recounted Trooper Gilbert's testimony regarding the

- 7 -

basis for initiating a stop, and it found no basis for Tejeda-Ramirez's challenge to that testimony. Because Trooper Gilbert observed several traffic violations, the decision to stop Tejeda-Ramirez's vehicle was objectively reasonable under the Fourth Amendment. See United States v. Hassan El, 5 F.3d 726, 730-31 (4th Cir. 1993), cert. denied, 511 U.S. 1006 (1994). Accordingly, we find no error in the district court's denial of the motion to suppress.

For the aforementioned reasons, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED